IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JAMES B. EARP,

      Plaintiff,

v.                                   CIVIL ACTION NO. 1:25-CV-52
                                                 (KLEEH)


FEDERAL EXPRESS CORPORATION,

      Defendant.


## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO AMEND COMPLAINT   [ECF NO. 16]

Pending before the Court is *Plaintiff James B. Earp's Motion to Amend/Correct Complaint* [ECF No. 16], which seeks leave to amend Plaintiff's Complaint to add a claim under the West Virginia Wage Payment and Collection Act ("WVWPCA") pursuant to W. Va. Code § 21-5-1. Defendant has not filed responsive motions opposing Plaintiff's request for leave to amend.  For the reasons stated herein, Plaintiff's Motion to Amend Complaint is **GRANTED**.

### I.    RELEVANT PROCEDURAL HISTORY

On May 30, 2025, Plaintiff James Earp ("Plaintiff" or "Mr. Earp") filed suit against Defendant Federal Express Corporation ("Defendant" or "FedEx"), alleging multiple claims relating to Mr. Earp's employment with FedEx.  ECF No. 1.  The Court granted Defendant's Motion for Extension of Time to File an Answer [ECF No. 6] on July 14, 2025, and the Defendant filed an Answer on July 31, 2025 [ECF No. 10].

On September 15, 2025, the Court issued its Scheduling Order, which set forth that Amended Pleadings would be due by September 30, 2025.  ECF No. 13.  Plaintiff then filed the subject Motion to Amend Complaint on September 30, 2025.  ECF No. 16.  Defendant did not file any motion opposing Plaintiff's Motion to Amend. Accordingly, this Motion is fully briefed and ripe for review.

## II.    RELEVANT FACTUAL BACKGROUND[1]

On June 15, 2023, Plaintiff James Earp was allegedly "constructively discharged" from his employment with FedEx. Compl., ECF No. 1, at ¶ 28.  Mr. Earp worked for FedEx as a delivery driver for over 37 years.  Id. at ¶ 9.  Earp alleges, due to his deteriorating health, which included arthritis and other conditions, he was effectively terminated from FedEx in June of 2023.  Id. at ¶ 5, 9, 10.  Furthermore, Plaintiff claims FedEx failed to accommodate his conditions, and tried to force Plaintiff out of his position with the company.  Id. at ¶ 12, 13.  Lastly, Plaintiff alleges Defendant's actions caused Plaintiff's condition to worsen and induced panic attacks.  Id. at ¶ 14.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15 permits a party to amend a complaint "once as a matter of course" within 21 days after serving the pleading.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a

---

[1] The following facts are taken from the Plaintiff's Complaint.

party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  However, "[t]he Court should freely give leave when justice so requires." Id.

The decision to grant or deny a motion to amend is within the discretion of the Court.  See Scott v. Fam. Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013).  Nonetheless, the Supreme Court of the United States has set forth factors for courts to consider when applying Rule 15(a)(2).  See Foman v. Davis, 371 U.S. 178, 182 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986).  Courts should grant leave to amend unless the amendment (1) "would be prejudicial to the opposing party," (2) "there has been bad faith on the part of the moving party," or (3) "the amendment would have been futile."  Johnson, 785 F.2d at 509 (citing Foman, 371 U.S. at 182).

First, prejudice to the opposing party can result when a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party.  Id. at 510.  Often, a finding of prejudice applies when the amendment is offered "shortly before or during trial." Id. (citing Roberts v. Ariz. Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981) (citations omitted)).

Next, the Court considers whether the party seeking to amend is doing so in bad faith.  Bad faith amendments are "abusive" or

"made in order to secure some ulterior tactical advantage." GSS Props., Inc. v. Kendale Shopping Ctr., Inc., 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (citing 6 C. Wright & Miller, Federal Practice and Procedure, § 1487 (updated Apr. 2015))).  In assessing this factor, the court may consider the movant's delay in seeking the amendment but delay alone "is an insufficient reason to deny the plaintiff's motion to amend." Hart v. Hanover Cnty. Sch. Bd., No. 11-1619, 495 Fed. App'x 314 (4th Cir. 2012) (citations omitted).

The third factor weighs against granting leave to amend when amending the complaint would be futile. Johnson, 785 F.2d at 509-10.  Even in the absence of prejudice and bad faith, a court should still deny leave to amend when the amended complaint would not survive a motion to dismiss, Perkins v. U.S., 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510.

## IV.   DISCUSSION

Plaintiff Earp seeks leave to amend his Complaint to add a claim under the WVWPCA. ECF No. 17, at 3.  Plaintiff contends that justice requires he be permitted to amend the Complaint and that each of the factors considered in the Court's determination of whether to grant leave to amend, weighs in favor of granting Plaintiff's motion. Id. For the foregoing reasons, this Court agrees with Plaintiff, and the Motion to Amend the Complaint [ECF

4

No. 16] is **GRANTED**.

Under Rule 15, Plaintiff asserts that all three Foman factors support granting leave to amend.  First, Plaintiff contends that the motion is not unduly delayed because it was filed within the timeframe agreed to by the parties and adopted by the Court in its scheduling order.  ECF No. 17, at 3.  Additionally, the Defendant will not be prejudiced because the action is in the early stages of discovery, and this gives Defendant time to address Plaintiff's newly raised count.  Id.

Second, Plaintiff suggests the motion is not filed in bad faith as the case is in the early stages and the "proposed amendment is fully supported by the procedural posture of this civil action."  Id.  Lastly, Plaintiff sets forth that the amendment would not be futile because the allegations previously pled in the Complaint are sufficient to state a viable claim under the WVWPCA.  Id. at 3-4.  Defendant did not file a motion opposing Plaintiff's request for leave to amend.

Here, the Court finds that the Foman factors support granting Plaintiff leave to amend his Complaint.  First, although Plaintiff's additional claim would raise a new legal theory for Defendant to address, the claim relies on the same facts previously set forth in the Complaint.  Johnson, 785 F.2d at 510. Additionally, the Motion was filed within the timeframe set forth by the Court's Scheduling Order [ECF No. 13] and was filed early

5

enough to allow Defendant ample time to engage in any necessary additional discovery. Therefore, any prejudicial effect would be minimal.

Next, the Court finds no basis to conclude that Plaintiff's motion was filed in bad faith. Plaintiff did not delay in seeking the amendment, and the record does not support finding Plaintiff filed the subject motion to secure an "ulterior tactical advantage." GSS Props., 119 F.R.D. at 381. Lastly, the allegations in the Complaint would suffice to defeat a motion to dismiss on the additional claim under the WVWPCA. Therefore, the proposed amendment is not clearly insufficient, frivolous, or futile on its face. Johnson, 785 F.2d at 510.

Accordingly, the Court finds that granting Plaintiff's Motion to Amend the Complaint would not unduly prejudice Defendant, the motion is not made in bad faith, and is not clearly futile. Therefore, Plaintiff satisfies Rule 15(a)(2), and the Motion to Amend is **GRANTED**.

## V.    CONCLUSION

For the reasons stated herein, the Court gives leave to amend the Complaint and *Plaintiff James B. Earp's Motion to Amend Complaint* [ECF No. 16], is hereby **GRANTED**.

The Court **DIRECTS** the Clerk of Court to **FILE SEPARATELY** Plaintiff's *Amended Complaint*, attached as ECF No. 16-1.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: April 7, 2026

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA